UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SCOTT AND CINDY JOHNSON,<br>Individually & as Parents & Next Friends of<br>Minor A. J.,<br><br>      v.<br><br>L.B.O. HOLDING, INC. d/b/a ATTITASH<br>BEAR PEAK RESORT & ATTITASH<br>RESORT;<br>PEAK RESORTS, INC., d/b/a ATTITASH<br>BEAR PEAK RESORT & ATTITASH<br>RESORT;<br>ROSS A. STEVENS, d/b/a STEVENS<br>ENGINEERING;<br>BOUNCE BACK, LLC, d/b/a U.S. AIRBAG;<br>and<br>U.S. AIRBAG, LLC, d/b/a U.S. AIRBAG | Civil Case No.: 1:17-cv-00277 |

**ANSWER TO COMPLAINT
AND STATEMENT OF AFFIRMATIVE DEFENSES**

NOW COME Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Attitash"), and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Peak Resorts") (collectively the "Attitash Defendants"), by and through their attorneys, Devine, Millimet & Branch, P.A., and submit the following Answer to Complaint and Statement of Affirmative Defenses, responding to each of the numbered paragraphs in the Plaintiffs' Complaint as follows:

**INTRODUCTION**

1.  The Attitash Defendants admit that A. J. was injured on July 3, 2014 while using the airbag jump attraction at Attitash's resort property in Bartlett, New Hampshire and that

Plaintiffs bring this action based on their allegations concerning A. J.'s accident, but the remainder of the allegations are denied.

## PARTIES

2. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

3. The Attitash Defendants admit that A. J. was nine years old at the time of the Incident.  The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and therefore they are denied.

4. Admitted.

5. Admitted.

6. The Attitash Defendants admit that Ross A. Stevens provided professional services relative to the design and construction of the airbag jump attraction in or around July 2013.  The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and therefore they are denied.

7. The Attitash Defendants admit that U.S. Airbag was involved in the design, manufacture, sale, and marketing of the airbag and some of its component parts.  The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and therefore they are denied.

8. The Attitash Defendants admit that U.S. Airbag was a Minnesota limited liability company that was involved in the design, manufacture, sale, and marketing of the subject airbag and some of its component parts and Rufus Casey was a (if not the) principal for the U.S. Airbag entity.  The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and therefore they are denied.

9. There are no allegations in Paragraph 9 to which a response is required by the Attitash Defendants.

## JURISDICTION AND VENUE

10. The allegations in paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 10 are admitted.

11. Denied.

12. The allegations in paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 12 are admitted.

## STATEMENT OF FACTS

13. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

14. Admitted.

15. Admitted, except the Attitash Defendants deny that Attitash's marketing materials stated that the airbag was 60-by-60 feet.

16. Denied.

17. Admitted.

18. The Attitash Defendants deny that patrons "climb[ed] the scaffolding tower" and that the platforms were over 20 feet off the surface of the airbag. Subject to those denials, the Attitash Defendants admit the remainder of the allegations in paragraph 18.

19. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

20. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied. By way of further

answer, the Attitash Defendants reject the assumption in this paragraph that they had a duty to "warn her of the dangers of an aborted jump" and a duty to discourage her from attempting another jump.

21.     The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

22.     The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

23.     The Attitash Defendants admit that A.J. suffered injuries, but the Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

24.     The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

25.     The Attitash Defendants admit that A. J. was transported to Memorial Hospital and then Maine Medical Center.  The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of these allegations and therefore they are denied.

26.     The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations and therefore they are denied.

27.     The allegations in paragraph 27 state a legal conclusion to which no response is required (as to what the Attitash Defendants "should have been aware" of) and therefore is denied.  To the extent a response is required, the Attitash Defendants deny the remainder of the allegations in paragraph 27.

28. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore they are denied.

29. The Attitash Defendants admit only that a participant was injured while using the airbag jump on August 17, 2013. All other allegations in paragraph 29 are denied.

30. The Attitash Defendants admit only that a representative from the State of New Hampshire Tramway and Amusement Ride Safety Bureau suggested that Attitash "[p]ossibly cover corner posts with something that is not easily grabbed by participants" and "[c]onsider giving participants something to hold in their hands." The Attitash Defendants deny the remainder of the allegations in paragraph 30.

31. The allegations in paragraph 31 state a legal conclusion (as to causation) to which no response is required. To the extent a response is required, the Attitash Defendants deny that the State of New Hampshire Tramway and Amusement Ride Safety Bureau and any of its representatives made any actual, binding directives or mandates.

32. Denied. By way of further answer, the Attitash Defendants assert that the Plaintiffs are without any good faith basis for their allegations in paragraph 32.

33. The Attitash Defendants deny that Attitash "failed to install any padding on the hard surfaces below . . . the jump platform" as that is what the airbag itself was. The Attitash Defendants also expressly reject the Plaintiffs' assumption in this paragraph that the Attitash Defendants failed to do something that either or both of them should have done.

34. The Attitash Defendants are without sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore they are denied. By way of further answer, the Attitash Defendants expressly rejects the Plaintiffs' assumption in this paragraph that the Attitash Defendants had a duty to warn A. J. as alleged by the Plaintiffs.

35. The Attitash Defendants admit that Attitash's employees deflated the airbag immediately after A. J.'s subject jump to aid in her removal from the attraction. Furthermore, the airbag was deflated and the attraction was shut down, in accordance with applicable rules, until the state could inspect it, review it, and authorize it to be reopened, which they did a few days later. By way of further answer, the Attitash Defendants expressly rejects the Plaintiffs' assumption in this paragraph that either of the Attitash Defendants deflated the subject airbag in an attempt to prevent any inspection of it by the State of New Hampshire and/or any third parties.

36. The allegations in paragraph 36 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 36 are denied.

37. The allegations in paragraph 37 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 37 are denied.

## COUNT I

### NEGLIGENCE

38. The Attitash Defendants' answers in paragraph 1 – 37 above are incorporated herein as if set forth in full.

39. The allegations in paragraph 39 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 39 as to the Attitash Defendants are denied, except that it is admitted that Defendant Attitash <u>only</u> operated, maintained, marketed, and promoted the airbag jump attraction, which patrons pay a fee to use, at Attitash Mountain Resort as an amusement ride and/or attraction.

40. The allegations in paragraph 40 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 40 as to the Attitash Defendants are admitted.

41. The allegations in paragraph 41 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 41 as to the Attitash Defendants are denied, except that it is admitted that Defendant Attitash only operated, maintained, marketed, and promoted the airbag jump attraction, which patrons pay a fee to use, at Attitash Mountain Resort as an amusement ride and/or attraction.

42. The allegations in paragraph 42 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 42 as to the Attitash Defendants are denied.

43. The allegations in paragraph 43 assert a purported statement of law to which no response is required. To the extent a response is required, the allegations in paragraph 43 as to the Attitash Defendants are denied.

44. The allegations in paragraph 44 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 44 as to the Attitash Defendants are denied.

45. The allegations in paragraph 45 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 45 as to the Attitash Defendants are denied.

46. The allegations in paragraph 46 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 46 as to the Attitash Defendants are denied.

47. The allegations in paragraph 47 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 47 as to the Attitash Defendants are denied.

48. The allegations in paragraph 48 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 48 as to the Attitash Defendants are denied.

49. The allegations in paragraph 49 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 49 as to the Attitash Defendants are denied.

## COUNT II

STRICT PRODUCT LIABILITY AND DEFECTIVE DESIGN/DEFECTIVE PRODUCT

50. Attitash's answers in paragraph 1 – 49 above are incorporated herein as if set forth in full

51. As to the Attitash Defendants, denied.

52. As to the Attitash Defendants, denied.

53. As to the Attitash Defendants, denied.

54. As to the Attitash Defendants, the Attitash Defendants admit only that Defendant Attitash (but not Peak Resorts) operated the airbag jump attraction, which patrons such as the Johnsons paid a fee to use, at Attitash Mountain Resort. The Attitash Defendants deny the remainder of the allegations in paragraph 54.

55. The allegations in paragraph 55 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 55 are denied.

56. The allegations in paragraph 56 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 56 are denied.

57. The allegations in paragraph 57 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 57 as to the Attitash Defendants are denied.

58. The allegations in paragraph 58 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 58 as to the Attitash Defendants are denied.

59. The allegations in paragraph 59 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 59 as to the Attitash Defendants are denied.

60. The allegations in paragraph 60 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 60 as to the Attitash Defendants are denied.

## **COUNT III**

VIOLATION OF NH RSA 358-A

61. Attitash's answers in paragraph 1 – 60 above are incorporated herein as if set forth in full.

62. The allegations in paragraph 62 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 62 are denied. Furthermore, the Attitash Defendants note that "consumer" is not defined in RSA Chapter 358-A.

63. The allegations in paragraph 63 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 63 as to the Attitash Defendants are denied.

64. The allegations in paragraph 64 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 64 are denied.

65. The allegations in paragraph 65 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 65 as to the Attitash Defendants are denied.

66. The allegations in paragraph 66 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 66 as to the Attitash Defendants are denied.

67. The allegations in paragraph 67 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 67 as to the Attitash Defendants are denied.

68. The allegations in paragraph 68 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 68 as to the Attitash Defendants are denied.

69. The allegations in paragraph 69 state a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 69 are denied.

70. The Attitash Defendants deny that Plaintiffs are entitled to any of the relief they seek as set forth in their "WHEREFORE" paragraph and prayer for relief.

**AFFIRMATIVE DEFENSES**

1. The Plaintiffs' claims are barred by the release of liability of any and all inherent risks of the airbag jump attraction in the summer attractions ticket and wristband Attitash issued to Plaintiffs and A. J.

2. The Plaintiffs' claims are barred by the common-law assumption of risk doctrine for a sport or recreational activity recognized in *Allen v. Dover Co-Recreational Softball League*, 148 N.H. 407 (2002).

3. Plaintiffs' claims are barred or reduced by comparative negligence and A. J.'s fault.

4. As to the Plaintiffs' strict products liability claim against the Attitash Defendants, the claim is barred by the Plaintiffs' misconduct and/or misuse of the airbag jump attraction.

5. As to the Plaintiffs' strict products liability claim against the Attitash Defendants, Plaintiffs' claim is barred because the risk of using the airbag is obvious and A. J. was injured by an inherent risk of the product.

6. The Plaintiffs' damages claims are barred in whole or in part due to their and A. J.'s failure to mitigate damages.

7. The Plaintiffs' Complaint generally fails to state a claim upon which relief may be granted.

8. The Plaintiffs fail state a product liability claim as they did not buy any product, but rather paid for a service.

9. Any injuries, losses, and/or damages the Plaintiffs have incurred are the result of Plaintiffs' and/or A. J.'s own acts or omissions, or the acts or omissions of a third party or Defendants other than the Attitash Defendants.

10. The damages the Plaintiffs complain of could have been avoided if A. J. followed the instructions of the airbag jump signage and/or operators (doctrine of avoidable consequences).

11. The Attitash Defendants reserve the right to amend these affirmative defenses if further defenses become known during discovery.

## JURY DEMAND

Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, demand a jury trial on all issues so triable.

WHEREFORE, Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, respectfully request that this Honorable Court:

A. Dismiss the Complaint;

B. Deny judgment on the Complaint; and

C. Grant such other and further relief as this Court deems just and equitable.

    Respectfully submitted,

    L.B.O. Holding, Inc., d/b/a
    Attitash Bear Peak Resort and Attitash
    Resort

    and

    Peak Resorts, Inc., d/b/a
    Attitash Bear Peak Resort and Attitash
    Resort

    By Their Attorneys,
    DEVINE, MILLIMET & BRANCH, P.A.

Dated: August 11, 2017 By: /s/ Jonathan M. Eck
Thomas Quarles, Jr., Esq. (NH Bar #2077)
Jonathan M. Eck, Esq. (NH Bar #17684)
111 Amherst Street
Manchester, NH 03101
(603) 695-8641
tquarles@devinemillimet.com
jeck@devinemillimet.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.

Dated: August 11, 2017 /s/ Jonathan M. Eck
Jonathan M. Eck, Esq. (NH Bar #17684)