# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SCOTT AND CINDY JOHNSON, Individually & as Parents & Next Friends of Minor A. J., <br><br> v. <br><br> L.B.O. HOLDING, INC. d/b/a ATTITASH BEAR PEAK RESORT & ATTITASH RESORT; <br> PEAK RESORTS, INC., d/b/a ATTITASH BEAR PEAK RESORT & ATTITASH RESORT; <br> ROSS A. STEVENS, d/b/a STEVENS ENGINEERING; <br> BOUNCE BACK, LLC, d/b/a U.S. AIRBAG; and <br> U.S. AIRBAG, LLC, d/b/a U.S. AIRBAG | Civil Case No.: 1:17-cv-00277-LM |

**DEFENDANTS L.B.O. HOLDING, INC. AND PEAK RESORTS, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS CLAIMS**

NOW COME Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Attitash"), and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Peak Resorts") (collectively the "Attitash Defendants"), by and through their attorneys, Devine, Millimet & Branch, P.A., and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully move for summary judgment relative to all of Plaintiffs' claims. In support of this motion, the Attitash Defendants state as follows:

1. All of Plaintiffs' claims against the Attitash Defendants fail generally for lack of evidence (including lack of necessary expert support, where applicable) and/or lack of proof of causation. Similarly, and more specifically, A.J.'s claim that her subject head injury could result

in serious future life-threatening conditions fails for lack of required expert testimony and medical evidence.

2. The Attitash Defendants are entitled to summary judgment on Plaintiffs' Count III Consumer Protection Act claim because Plaintiffs have not produced any evidence that there is anything false or deceptive about the Attitash Defendants' representations concerning the airbag and, moreover, Plaintiffs conceded that they did not review any marketing documents or advertising material from Attitash before using the Airbag Jump attraction.  Most fundamentally, there is no causal relationship between the harm that Plaintiffs allege A.J. suffered from her accident and the purported misrepresentations by Attitash.  In the absence of any evidence of the required causal relationship, Plaintiffs do not have a viable CPA claim against either of the Attitash Defendants.

3. The Attitash Defendants are entitled to summary judgment on Plaintiffs' Count II strict products liability and defective design / defective product claim because the provision of the Airbag Jump attraction was a service (as opposed to a product) and, separately, their daughter misused the attraction.

4. Plaintiffs' enhanced compensatory damages claim, to the extent they are even making one, fails because the applicable law, under the facts of this case, does not allow the recovery Plaintiffs' seek.

5. Finally, to the extent Plaintiffs' made a claim in their Complaint for their personal emotional distress damages for witnessing their daughter's accident, they clarified at their depositions that they are not making any claim for their own emotional harm.

6.  Accordingly, as a matter of law, the Attitash Defendants respectfully request that this Honorable Court grant summary judgment for the Attitash Defendants on all of Plaintiffs' claims on the grounds of lack of causation and/or expert support.

7.  The Attitash Defendants hereby incorporate herein by reference the arguments set forth in their Memorandum of Law in Support of Motion for Summary Judgment on Plaintiffs' Claims, which is filed contemporaneously herewith, as if set forth in full herein.

WHEREFORE, Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort, respectfully request that this Honorable Court:

A.  Grant summary judgment for the Attitash Defendants on all of Plaintiffs' claims; and

B.  Grant such other and further relief as this Court deems just and equitable.

    Respectfully submitted,

    L.B.O. Holding, Inc., d/b/a
    Attitash Bear Peak Resort and Attitash
    Resort

    and

    Peak Resorts, Inc., d/b/a
    Attitash Bear Peak Resort and Attitash
    Resort

    By Their Attorneys,
    DEVINE, MILLIMET & BRANCH, P.A.

4

Dated:  October 24, 2018        By:    /s/ Jonathan M. Eck
                                       Thomas Quarles, Jr., Esq. (NH Bar #2077)
                                       Jonathan M. Eck, Esq. (NH Bar #17684)
                                       111 Amherst Street
                                       Manchester, NH  03101
                                       (603) 695-8641
                                       tquarles@devinemillimet.com
                                       jeck@devinemillimet.com

CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.

Dated:  October 24, 2018                /s/ Jonathan M. Eck
                                        Jonathan M. Eck, Esq. (NH Bar #17684)