**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| SCOTT AND CINDY JOHNSON, Individually & as Parents & Next Friends of Minor A. J.,<br><br>    v.<br><br>L.B.O. HOLDING, INC. d/b/a ATTITASH BEAR PEAK RESORT & ATTITASH RESORT;<br>PEAK RESORTS, INC., d/b/a ATTITASH BEAR PEAK RESORT & ATTITASH RESORT;<br>ROSS A. STEVENS, d/b/a STEVENS ENGINEERING;<br>BOUNCE BACK, LLC, d/b/a U.S. AIRBAG; and<br>U.S. AIRBAG, LLC, d/b/a U.S. AIRBAG | Civil Case No.: 1:17-cv-00277 |

**DEFENDANTS L.B.O. HOLDING, INC. AND PEAK RESORTS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL RESPONSES TO EXPERT INTERROGATORIES**
**PROPOUNDED UPON PLAINTIFF SCOTT JOHNSON**

NOW COME Defendants L.B.O. Holding, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Attitash") and Peak Resorts, Inc., d/b/a Attitash Bear Peak Resort and Attitash Resort ("Peak Resorts") (collectively the "Attitash Defendants"), by and through their attorneys, Devine, Millimet & Branch, Professional Association, and respectfully submit the following Memorandum of Law in Support of their Motion to Compel Responses to Expert Interrogatories.

**INTRODUCTION**

The matter before the Court in this Motion to Compel is whether Plaintiff Scott Johnson has complied with his discovery obligations. Simply put, Mr. Johnson has failed to meet his affirmative duty to furnish all information and documents requested in the Expert Interrogatories

Propounded Upon Plaintiff Scott Johnson (the "Expert Interrogatories") that is within his control pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Because Mr. Johnson has refused to comply with his discovery obligations, and because the requested information is nonprivileged material relevant to the Attitash Defendants' defense of this case, this Court should grant the Attitash Defendants' Motion to Compel.

## STATEMENT OF THE FACTS

1. This lawsuit arises out of injuries to minor A.J., the child of Plaintiff Scott Johnson ("Mr. Johnson") and Plaintiff Cindy Johnson (collectively, the "Plaintiffs"), when minor A.J. jumped off the lower jump platform at the "Airbag Jump" amusement ride/summer attraction at Attitash (the "Incident") on July 3, 2014. Attitash's Airbag Jump is a freefall airbag jump attraction, where a patron, after reviewing signage and instructions, jumps off a platform onto an inflated airbag which cushions the patron's fall. Plaintiffs filed suit on July 2, 2017, individually and as parents and next friends of minor A.J., to recover for alleged medical expenses, pain and suffering, loss of enjoyment of life, and other losses, which they claim resulted from the Incident.

2. On August 31, 2018, Plaintiffs provided to the Attitash Defendants Plaintiffs' Expert Disclosure, attached hereto as Exhibit 1, which in part disclosed the identity of their liability expert, Corey J. Andres ("Mr. Andres"). Id. at 2. Plaintiffs also provided Mr. Andres' *curriculum vitae*, and a document concerning Mr. Andres' history as an expert witness entitled "History of Expert Testimony by Deposition or Trial" ("History of Mr. Andres' Expert Testimony"). The History of Mr. Andres' Expert Testimony contained a list of all of the cases in which Mr. Andres has testified in the last 4 years at deposition or trial.

3.       Plaintiffs' Expert Disclosure stated that Mr. Andres would provide testimony and opinions on, *inter alia*, "the cause of the [Incident] and whether the AIRBAG Jump as operated by Attitash on the day of the [Incident] was in compliance with applicable standards and operating procedures, including ASTM and NH regulatory standards." Id.

4.       What is not apparent from Plaintiffs' Expert Disclosure, Mr. Andres' *curriculum vitae*, or the History of Mr. Andres' Expert Testimony, however, is whether Mr. Andres has any experience with freefall airbag jump attractions, like the Attitash attraction at issue in this lawsuit.

5.       To investigate whether Mr. Andres has had any experience with freefall airbag jump attractions (and other relevant questions about Mr. Andres' experience), Peak Resorts propounded the Expert Interrogatories upon Mr. Johnson on September 20, 2018. See Expert Interrogatories, attached hereto as Exhibit 2. The Expert Interrogatories sought information concerning, *inter alia*, Mr. Andres' experience as a liability expert for amusement parks and ski resorts and any specific experience he may have with respect to airbag jump attractions, both generally and as an expert witness. See id., Interrog. Nos. 1, 2, 3, and 5. The Expert Interrogatories also sought more general information concerning Mr. Andres' experience as an expert witness, such as questions arising from his professional licenses and certifications; whether he testified for the plaintiff or defendant in his disclosed cases; whether he has ever been disqualified as an expert; and his experience as an expert on amusement rides. See id., Interrog. Nos. 1, 4, and 6-12.

6.       The Expert Interrogatories also requested the production of relevant documents in connection with the information sought through interrogatories. Id., Interrog. Nos. 2, 3, 5, and 8-10.

7.     On October 1, 2018, before Mr. Johnson was required to respond to the Expert Interrogatories, Plaintiffs provided Ms. Andres' expert report, entitled "Investigation of the Johnson Airbag Jump Incident," ("Expert Report"), attached hereto as Exhibit 3. The Expert Report did not disclose any additional information to show whether Mr. Andres has any experience with freefall airbag jump attractions. Id. at 2.

8.     Subsequently, on October 19, 2018, Mr. Johnson responded to the Expert Interrogatories with general objections, statements that Mr. Johnson lacked information to respond to the Expert Interrogatories, and a direction to take Mr. Andres' deposition at the Attitash Defendants' expense. See Response to Expert Interrogatories at Interrog. No. 1, attached hereto as Exhibit 2. The specific responses provided to the Expert Interrogatories, were as follows:

   a. "I understand that Mr. Andres is available for deposition at defendant's expense." Id., Interrog. No. 1;
   b. "Unknown." Id., Interrog. Nos. 3-7, 9-12; and
   c. "I have no such requested documents." Id., Interrog. Nos. 2-3, 5, 8.

9.     None of the requested documents were produced.

## ARGUMENT

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. The motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). "[T]he party moving to compel production bears the burden of showing that the information he or she seeks is relevant for the purposes of discovery."

McPadden v. Wal-Mart Stores East, L.P., No. 14-cv-475, 2015 U.S. Dist. LEXIS 179144, at *4 (D.N.H. Oct. 16, 2015) (citing Cauoette v. Officemax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005)).  "This burden, however, should not be overstated."  McPadden, 2015 U.S. Dist. LEXIS 197144, at *4.  "As the [First Circuit Court of Appeals] has instructed, 'district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants.'"  Id. (quoting Heifelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003)) (internal brackets omitted).

As detailed above, Mr. Johnson has failed to answer the Expert Interrogatories or to produce, the documents requested therein.  The requested information and documents are relevant to the Attitash Defendants defense of this case, as Mr. Andres' experience with freefall airbag jump attractions, and his broader experience if any as an expert on amusement rides, bears directly on the weight to be given to his opinions in the Expert Report and the opinions he will provide at trial.  As such, the burden falls on Mr. Johnson to show that the requested discovery is improper.  See Aronstein v. Mass. Mut. Life Ins. Co., No. 15-12864, 2017 U.S. Dist. LEXIS 100867, at *6 (D. Mass. June 29, 2017) ("Once the possibility of relevance is shown, the burden shifts to the party opposing disclosure to show that the discovery is improper.") (citation omitted).  However, Mr. Johnson cannot meet this burden because (1) the information and documents sought are in his control within the meaning of Rules 33 and 34 of the Federal Rules of Civil Procedure, and (2) the use of the Expert Interrogatories to obtain the requested information and documents is the least burdensome mechanism available to the parties.  For these reasons, this Court should issue an order compelling Mr. Johnson to respond to the Expert Interrogatories.

Under Federal Rule of Civil Procedure 33, a party has a duty to make an inquiry of a non-party for responsive information before answering interrogatories when the non-party's records are under the control of the party.  E.g., Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir. 1988) (noting that the defendant had a duty to make inquiry of a non-party before answering interrogatories because the non-party's records were in the defendant's control within the meaning of Rule 33 of the Federal Rules of Civil Procedure because the defendant and the non-party had entered into a litigation cooperation agreement); United States v. All Assets Held at Bank Julius Baer & Co., 309 F.R.D. 1, 14 (D.D.C. 2015) (party responding to interrogatory "cannot just sit on his hands," but must compile information within his or her control or otherwise available to that party even if information is in hands of a nonparty); Fresenius Med. Care Holding, Inc. v. Baxter Int'l Inc., 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to respond with all information under its custody and control."); see also 7 MOORE'S FEDERAL PRACTICE – CIVIL § 33.102 (2018) ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party. This duty to provide all information available encompasses the responsibility to provide information within the party's control, even if that information is in the possession of a nonparty.").

If a party cannot obtain the requested information after reasonable inquiry, then the party must specifically state the reasons why it is unable to do so.  E.g., Frontier-Kemper Contractors, Inc. v. Elk Run Coal Co., 246 F.R.D. 522, 529 (S.D. W. Va. 2007) (party to civil litigation is under "severe duty" to make every effort to obtain requested information and, if unsuccessful, answer should recite in detail attempts made to acquire information).

Likewise, a party has an obligation to produce, or to make available for inspection, documents that are in their possession, custody, or control. FED. R. CIV. P. 34(a)(1). "Documents are within a party's control 'when that party has the right, authority or ability to obtain those documents upon demand.'" Cont'l W. Ins. Co. v. Opechee Constr. Corp., 16 DNH 088, 5 (quoting Szulik v. State St. Bank & Tr. Co., No. 12-10018, 2014 U.S. Dist. LEXIS 110447, at *3-*4 (D. Mass. Aug. 11, 2014)) (internal brackets omitted). Accordingly, "[c]ourts have required parties to produce deposition testimony and opinions of an expert given in other cases to assess the consistency of the expert's opinions and methodologies." Jenks v. N.H. Motor Speedway, Inc., No. 09-cv-205, 2011 U.S. Dist. LEXIS 113988, at *8-*9 (D.N.H. Oct. 3, 2011) (ordering parties to confer and discuss the best means of searching an expert's database for documents responsive to requests for all of the expert's prior reports, including reports regarding the expert's methodologies and opinions); see also Duarte v. St. Paul Fire & Marine Ins. Co., No. EP-14-CV-305, 2015 U.S. Dist. LEXIS 161254, at *14-*16 (W.D. Tex. Sept. 25, 2015) (ordering the plaintiff to produce prior expert reports and depositions of its retained expert because the plaintiff has the practical ability to control the expert); White v. State Farm Mut. Auto. Ins. Co., No. 09-000991, 2011 U.S. Dist. LEXIS 86004, *3-*6 (M.D. La. Aug. 3, 2011) ("Rule 34's definition of 'possession, custody, or control,' includes not only actual possession or control of the materials, but also the legal right or practical ability to obtain the materials from a nonparty to the action."). Peak Resorts notes that its Interrogatories seeking Mr. Andres' prior expert reports and testimony is limited to only Mr. Andres' prior airbag jump attraction reports and testimony, if any.

Mr. Andres has been retained by the Plaintiffs for the purpos of serving as the Plaintiffs' liability expert. As such, Mr. Johnson has the right, authority, and ability to readily obtain the

requested information and documents from his expert, Mr. Andres.  Therefore, this Court should grant the Motion to Compel unless Mr. Johnson can show that the information and documents sought can be obtained more conveniently, in a less burdensome manner, or at a cheaper cost than via the Expert Interrogatories.  See FED. R. CIV. P. 26(b)(2)(C) (authorizing courts to limit discovery upon, *inter alia*, a showing that "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive").  However, Mr. Johnson cannot meet this burden, principally because his suggested remedy, that Peak Resorts take Mr. Andres deposition at its expense is no remedy at all on a practical level.  Mr. Andres lives in Ohio.  His deposition would require airplane flights, hotel stays, meals, and court reporter expenses, costing multiple thousands of dollars.  In contrast, the requested Interrogatories in many cases have yes or no answers.  See Ex. 2, Expert Interrogatories, Interrog. Nos. 9, 10, 11, and 12.  Other Interrogatories are limited to only Mr. Andres' directly relevant prior experience with airbag jump attractions, if any.  See id., Interrog. Nos. 2, 3, and 5.  The final group of Interrogatories simply follow up on questions raised in Mr. Andres' Expert Disclosure.  See id., Interrog. Nos. 4-8.  Even if Mr. Andres has had a prior airbag jump attraction case, he should be able to respond in full to the Expert Interrogatories and their related document requests in 1-3 hours.

In addition, Plaintiffs suggested remedy of taking Mr. Andres' deposition would be useless to obtain some of the requested information such as that requested in Interrogatories Nos. 2 and 8.  See id.  As such, Plaintiffs cannot establish that the requested information and documents can be obtained more conveniently, in a less burdensome manner, or at a cheaper cost than via the Expert Interrogatories.  This Court should order that the Expert Interrogatories be answered fully and completely within seven calendar days of its Order.

## CONCLUSION

For the foregoing reasons, Attitash and Peak Resorts respectfully request that this Honorable Court grant their Motion to Compel Responses to Expert Interrogatories Propounded Upon Plaintiff Scott Johnson.

        Respectfully submitted,

        Peak Resorts, Inc., d/b/a
        Attitash Bear Peak Resort and Attitash Resort

        By Their Attorneys,
        DEVINE, MILLIMET & BRANCH, P.A.

Dated: November 28, 2018    By:    /s/ Thomas Quarles, Jr.
    Thomas Quarles, Jr., Esq. (NH Bar #2077)
    Jonathan M. Eck, Esq. (NH Bar #17684)
    111 Amherst Street
    Manchester, NH 03101
    (603) 695-8641
    tquarles@devinemillimet.com
    jeck@devinemillimet.com

## CERTIFICATE OF SERVICE

I, Jonathan M. Eck, certify that on this date service of the foregoing document was made upon counsel of record via the Court's CM/ECF System.

Dated: November 28, 2018    /s/ Jonathan M. Eck
    Jonathan M. Eck, Esq. (NH Bar #17684)